AMERICAN MUTUAL BUILDING AND SAVINGS ASSOCIATION v.
E. J. CORNIBE ET AL.

Decided April 6, 1904.

**1.—Usury—Loan—Building Contract.**

Pleading held to show a contract, in form one for the construction of a house at a fixed price, to be in effect an usurious contract for the loan of money; and evidence held to support a finding of the facts so pleaded. Matthews v. Texas B. and L. Assn., 48 S. W. Rep., 744, distinguished.

**2.—Agency—Evidence.**

Testimony of plaintiff as to transactions concerning the making of a contract with one whose name he did not know, held admissible, the circumstances showing that such unknown was recognized by defendant as its agent in the matter.

**3.—Building Association—Cancellation of Stock—General Relief.**

In an action to cancel a lien on the ground of usury in the contract and discharge of the debt by payments, plaintiff could have cancellation of stock certificates, issued to him by the defendant building association as a part of the transaction sought to be set aside, under his prayer for general relief.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*J. B. Scarborough,* for appellant.

*Waller S. Baker,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by appellees to cancel a lien held by the appellant upon certain real estate of appellees, and to declare the debt to secure which said lien was given usurious, and to remove cloud from appellees' title to said property, and for such other and further relief as they may be entitled to, in law or equity.

Appellant answered by general and special demurrers, general denial, special answer and cross-action for the foreclosure of the lien claimed by it on the property described in appellees' petition.

The trial was before the court without a jury, which resulted in a judgment for appellees, declaring the contract usurious, and finding that appellees had paid $470.90 of the principal of the loan of $500, and gave judgment for appellant for the balance of $29.10, with a decree foreclosing its lien upon the land described in appellees' petition; and appellees, having tendered payment of said balance, costs were adjudged against appellant. And the court also decreed cancellation of the certificates of stock issued to appellees by appellant.

Appellant's special demurrer set up, in substance, that said petition declared upon a contract for the construction of a house at a fixed price, and not on a contract for the loan of money.

It appears from the record that the court sustained both the general and special demurrers of appellant, and that the appellant filed a trial amendment, to which appellant urged the same demurrers, which were

overruled by the court; and this action of the court is the basis of appellant's first and second assigned errors.

We think the court properly overruled appellant's demurrers general and special, as the original petition of appellees, aided by their trial amendment, clearly alleged sufficient facts to show a loan of $500 by appellant to appellees; and that the issuance of stock in appellant's association to appellees, and the taking of appellees' note for the sum of $714, to be paid in monthly installments of $8.40 each, and the contract to pay $2.50 monthly as interest, constituted a scheme and device by which appellant intended to collect from appellees usurious interest. Cotton States Building Co. v. Reily, 50 S. W. Rep., 961.

It appears from a bill of exceptions of appellant that the court below, over objections of appellant, permitted the plaintiff, E. J. Cornibe, to testify that an old gentleman, whose name he did not recollect, approached him (witness) to make the loan for appellant, and that the old gentleman was the organizer of the company (appellant) in Waco, and with whom, in connection with J. R. Railey, all the negotiations which led up to and included the making of the contract on the part of and for the appellant were had. The statements made by the old gentleman were made to plaintiff first, and then plaintiff and the old gentleman and J. R. Railey talked the matter over.

It reasonably appears from this testimony that the old gentleman was the agent of appellant; and it further appears that after talking to this old gentleman, plaintiff, the old gentleman and Railey, whom the proof clearly shows was the agent of the appellant, talked the matter over; and as the bill does not show differently, the legitimate inference would be that the same matters were talked over in the presence of Railey.

We think there was no error in the admission of the above testimony; nor was there any error in the admissions of the certificates of stock, as it was proper for the court to receive evidences of the entire transaction, the issuance of such certificates being a part thereof.

In our opinion the evidence amply sustains the conclusions of the court below that the contract was usurious. The facts in this case are clearly distinguishable from those in Matthews v. B. and L. Assn., 48 S. W. Rep., 744, cited by appellant, in which the evidence showed that there was no agreement to lend money, but both parties understood the contract to be a contract to build for an agreed price, and not a contract to lend and borrow.

It was not error for the court to decree a cancellation of the certificates of stock issued by appellant to appellees, their issuance being a part of the usurious transaction, and the court was authorized to decree their cancellation under appellees' general prayer for other and further legal and equitable relief.

We have carefully considered all the assignments of errors of appellant, and finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused June 23, 1904.